## Thomas C. L. Shoup v. Henry H. DeLong, Appellant.

*Will—Life estate—Estate in fee tail—Rule in Shelley's Case.*

Testator devised two tracts of land to his son T., and directed that " said two tracts so bequeathed shall be during the natural life of my son T., and after his death to his heirs and legal representatives in fee simple, except the reservation of one-third which shall remain a dower during the natural life of my beloved wife and after her death to the children of the said T."
*Held*, that the son took an estate in fee tail which, under the act of 1855, became a fee simple.

Argued Feb. 27, 1899. Appeal, No. 368, Jan. T., 1898, by defendant, from judgment of C. P. Berks Co., Sept. T., 1898, No. 150, on case stated. Before STERRETT, C. J., McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Case stated to determine the marketable title to real estate.

From the case stated it appeared that Richard Shoup died on November 22, 1896, leaving a will by which he directed, inter alia, as follows :

"Item 2. I give and bequeath unto my son, Thomas C. L. Shoup, the new house erected on the corner of my land situate in Spring Township, Berks County, Pa., on a street or public road leading from Sinking Spring to Shillington at the junction of the Fritztown road together with Eighteen Acres of land extending the whole length of my farm along the said Fritztown Road which shall be surveyed off from my farm by my herein named executrix if the same be not done during my lifetime. I also give and bequeath to him the said Thomas C. L. Shoup, One and a half acres of Chestnut timber land of my tract of four and a half acres situate in Cumru township, said county and state, said one and a half acres so bequeathed shall be surveyed off along lines of Jonathan Grant and Heny Fritz, said two tracts so bequeathed shall be during the natural life of my son Thomas C. L. and after his death to his heirs and legal representatives in fee simple, except the reservation of one-third which shall remain a dower during the natural life of my beloved wife Catharine during her natural life and after her death to the children of the said Thomas C. L. Shoup."

Assuming to have an estate in fee simple in the real estate

above devised, the said Thomas C. L. Shoup, the plaintiff, entered into a contract of sale with Henry H. DeLong, the defendant and appellant, to sell the same to him at the sum of $1,080. The plaintiff, on September 10, 1898, executed a deed acknowledged to be in proper legal form. The property was clear of all incumbrances, except the dower interest of the widow, to which the property was sold subject. Defendant refused to accept the deed, on the ground that under the will of Richard Shoup, deceased, the plaintiff had only a life interest in the land.

The court entered judgment for plaintiff on the case stated for $1,084.32.

*Error assigned* was the judgment of the court.

*H. P. Keiser*, for appellant.—In giving construction to a will, all the parts of it should be examined and compared and the intention of the testator ascertained, not from a part alone, but from the whole instrument: Mutter's Est., 38 Pa. 314; Schreiner's App., 53 Pa. 106; Grove's Est., 58 Pa. 429.

Where a fee is given under one part of a will it may be reduced to a life estate in another part if such be clearly the intention of the testator: Urich v. Merkel, 81 Pa. 332; Urich's App., 86 Pa. 386.

*J. H. Jacobs*, for appellee, was not heard, but cited in his printed brief: Grimes v. Shirk, 169 Pa. 74; Conrow's App., 3 Pennypacker, 356; Doebler's App., 64 Pa. 9; Geyer v. Wentzel, 68 Pa. 84; Criswell's App., 41 Pa. 288; Cochran v. Cochran, 127 Pa. 486; Rancel v. Creswell, 30 Pa. 158; Steiner v. Kolb, 57 Pa. 123; Kepple's App., 53 Pa. 211; Potts v. Kline, 174 Pa. 513; Shearer v. Miller, 185 Pa. 149.

Per Curiam, March 13, 1899:

The court below was clearly right in holding that, under the will of Richard Shoup, his son Thomas, the plaintiff, took an estate in fee tail, which under the act of 1855, became a fee simple. This conclusion is sustained by numerous authorities; but the principle involved is so familiar that citations are unnecessary. It follows that there was no error in entering judgment in favor of the plaintiff on the case stated.

Judgment affirmed.